GEORGE LITTLE, Executor, *versus* EZRA WESTON.

Collateral undertaking.

ASSUMPSIT on a promissory note to the plaintiff's testator.

The declaration stated that, whereas the said *Ezra Weston*, and one *George Keith, Jun.*, who has since been declared a bankrupt, and received his certificate of discharge, pursuant to the statute of the United States of America in such case made and provided, on ———, at ———, by their promissory note, &c.

Plea, that the defendant, with the said *George*, never promised, &c.

[ * 157 ]     * The note offered in evidence was as follows, viz., "For value received, *I* promise to pay *Capt. Amos Rogers*, or order, three hundred dollars, in six months from date, with interest until paid; as witness *my* hand. April 29, 1801.

*George Keith, Jun.*

*Ezra Weston*, surety."

*B. Whitman*, for the defendant, conceded that the note was signed by *Weston*, but he objected to its going in evidence to the jury, because, as he contended, it was evidence of a several demand only, a demand against *Weston* as the *surety* of *Keith*—of a collateral undertaking by *Weston*, and not of his *joint* undertaking with *Keith*, as alleged in the declaration. This, he insisted, was evident from the note itself, which was in the singular number. It appeared that *Keith* was the *actual* debtor, the original promisor, and that the defendant's undertaking was subsequent, and, by his signing as *surety* only, it was clear that he did not mean to bind himself *jointly* with *Keith*. Upon inspecting the note, it would appear that the signature of the defendant was not made at the time the note was signed by *Keith*, as was obvious from the color of the ink in the signature of the defendant, which was very different from that of *Keith's* signature and the body of the note, in both of which the ink was the same.

*Sedgwick* and *Sewall*, justices, said, that, as at present advised, they thought the engagement of the defendant was collateral only, for the reasons given by *Whitman*, and, therefore, the note ought not to go in evidence to the jury.

STRONG, J. I think, from the words of the note, that the defendant is to be considered as a joint promisor. If the note had been written, *We* promise, &c., there would be no doubt. Then what is this note? *I* promise—that is, *I, George Keith, Jun.*,

118

and *I, Ezra Weston,* promise—which seems to be * the  [ * **158** ] same thing as, *We* promise. The note is signed in the usual place, has only one date, and it is signed in the common mode. The word *surety* is added (as is frequently the case) merely for the benefit of the surety, and that it may appear he is not the real debtor. I am clear that this is a joint note. But a majority of the Court being of a different opinion, it is not admitted in evidence.

The plaintiff had leave to amend his declaration on the common rule.

*Parsons* for the plaintiff. (1)